**The People of the State of Illinois, Defendant in Error, v. Saren Arenkill, Plaintiff in Error.**

**Gen. No. 5,140.**

APPEALS AND ERRORS—*when assignments waived.* Assignments of error not argued are deemed waived.

Prosecution for unlawful sale of liquor. Error to the Circuit Court of De Kalb county; the Hon. DUANE J. CARNES, Judge, presiding

Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

CLIFFE & CLIFFE, for plaintiff in error.

E. M. BURST, for defendant in error; IRWIN & EGAN and H. W. McEWEN, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Saren Arenkill and Thomas Collins were indicted for unlawfully selling intoxicating liquor in the town of DeKalb in the county of DeKalb, while it was anti-saloon territory. Collins was acquitted and Arenkill was found guilty under the first count and, after the denial of the motion for a new trial, was sentenced to confinement in the county jail for ten days and was fined $100 and costs and was ordered to stand committed till the fine and costs were paid or he was discharged according to law. He has sued out this writ of error to review the judgment. Most of the grounds upon which a reversal is urged are disposed of in the opinion filed by us this day in People v. Brown, *ante*, p. 365.

The proof showed that prior to the election by which the town of DeKalb was made anti-saloon territory, Arenkill conducted a saloon in the town of DeKalb, and that since that time he has been conducting a pool room and a place for the sale of soft drinks. Witnesses for the People testified that since the town of DeKalb became anti-saloon territory, they bought drinks at said place of business, one of them calling for grape juice and the other for ginger ale; that they paid for the liquid furnished them, and that there was whiskey in it; and that it would intoxicate. The defense introduced proof to show that no whiskey was sold or delivered to either of these witnesses at that place. The jury saw the respective witnesses and heard them examined and believed the witnesses for the People. Their verdict has been approved by the

trial judge, who also saw the witnesses.   We see no reason for disturbing their conclusion.

The action of the court upon the instructions is assigned for error, but the brief of plaintiff in error states that while his counsel believe the instructions subject to criticism, yet they deem it unnecessary to argue the instructions.   We therefore do not consider it our duty to search the instructions for error not pointed out in the briefs.   We conclude that the errors argued in the briefs are not well assigned.

The judgment is therefore affirmed.

*Affirmed.*